**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CURT LAWRENCE and<br>KATHLEEN LAWRENCE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 26-CV-0263-CVE-SH |
| | ) |
| KIM LAUGHLIN, Eastern Shawnee Tribe<br>of Oklahoma Housing Director,[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are plaintiffs' Petition for Complaint of Discriminatory Housing

Practices and Injunctive Relief under the Fair Housing Act 3601 et seq. (Dkt. # 1) and plaintiffs'

motions for leave to proceed in forma pauperis (Dkt. ## 3, 4).  In reliance upon the representations

and information set forth in plaintiffs' motions to proceed in forma pauperis, the Court finds that the

motions should be granted.  Plaintiffs are permitted to file and maintain this action to conclusion

without prepayment of fees and costs.  28 U.S.C. § 1915(a).  However, because authorization to

proceed in forma pauperis excuses only prepayment of the fee, plaintiffs remains obligated to pay

the full $350 filing fee when they are able to do so.  See Brown v. Eppler, 725 F.3d 1221, 1230-31

(10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment

of the filing fee).  Because the Court authorizes plaintiffs to proceed without prepayment, they are

not required to pay the $55 administrative fee.

---

[1]   The caption of plaintiff's complaint identifies the defendant as Kim Laughlin, but throughout
the body of the complaint plaintiffs refer to Kristi Laughlin.  The Court will use the caption
of the complaint as the means of identifying the defendant for the purpose of this Opinion
and Order.

Plaintiffs have obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister, 408 F.3d at 1311. Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiffs state they are seeking an injunction under the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA) for an "arbitrary, unjust and discriminatory wrongful eviction," and it appears that plaintiffs are attempting to allege an FHA claim based on defendant's failure to accommodate

2

Kathleen Lawrence's disability.  Plaintiffs claim that they resided at an elder community known as the Woodlands, which was operated by the Eastern Shawnee Tribe Housing Program.  Dkt. # 1, at 1.  Residents of the Woodlands were subject to certain regulations, and plaintiffs claim that these regulations were "were both ignored and manipulated to force eviction to appease a politically powerful adjoining neighbor with a bizarre vendetta."  Id. at 2.  Plaintiff Curt Lawrence has provided an affidavit in which he describes noise violations reported by his neighbor, which he describes as unreasonable in light of the noise violations committed by his neighbor that he declined to report.  Id. at 5-6.  The affidavit contains allegations that Kathleen Lawrence has advanced Parkinson's disease, but there are no allegations suggesting that plaintiffs requested a housing accommodation because of Kathleen Lawrence's condition or that any alleged disability was a factor in the decision to evict plaintiff's from their dwelling.  Id.  The evidence attached to the complaint shows that plaintiffs were evicted for violating terms of the lease "intended to ensure a respectful and safe living environment for all residents, which is designated for Elders **ONLY**."  Id. at 21.  This is consistent with plaintiffs' allegations that their grandchildren stayed with them, although plaintiffs claim that they believed this was permitted due to the "commotion next door" which caused plaintiffs to believe that rules had been relaxed.  Id. at 5.

Under the FHA, it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter."  42 U.S.C. § 3604(f)(1).  The FHA also prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling" because of a person's handicap.  42 U.S.C. § 3604(f)(2).  Discrimination is defined as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal

opportunity to use and enjoy a dwelling . . . ." 42 U.S.C. § 3604(f)(3)(B). A failure to accommodate claim under the FHA has five elements: "(1) that the plaintiff . . . is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such accommodation." Arnal v. Aspen View Condominium Assoc., Inc., 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016).

Plaintiffs claim that the housing board failed to make accommodations to rules or policies in violation of the FHA, but plaintiffs have not identified any disputes over rule violation or enforcement related to Kathleen Lawrence's medical condition. Instead, the rules giving rise to plaintiffs' eviction concern noise, visitation of children, and unwanted communication with a neighbor. Plaintiffs do not allege that Kathleen Lawrence's medical condition was considered as a factor in the decision to evict them from their dwelling, nor do they allege that they requested a housing accommodation. Instead, plaintiffs have alleged an ordinary claim of wrongful eviction under state law or perhaps tribal law, and plaintiffs' claim does not fall within the scope of the FHA or any other federal anti-discrimination statute. The Court will assume that plaintiff has asserted a state law claim for wrongful eviction, as they would be required to pursue a wrongful eviction claim under tribal law in the appropriate tribal court. Plaintiffs have not alleged the citizenship of the parties or that the amount in controversy exceeds $75,000, and the Court has no basis to exercise diversity jurisdiction over this case. Plaintiffs have not stated a claim arising under federal law, and plaintiffs have not included any allegations that would allow this Court to exercise diversity jurisdiction over state law claims. Therefore, plaintiffs' complaint should be dismissed for failure

to state a claim and lack of subject matter jurisdiction.  Plaintiffs' claims will be dismissed without prejudice to refiling in a more appropriate forum.

**IT IS THEREFORE ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis (Dkt. ## 3, 4) are **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' Petition for Complaint of Discriminatory Housing Practices and Injunctive Relief under the Fair Housing Act 3601 et seq. (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim and lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 14th day of May, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE